IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA M. SNODGRASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-1062-L |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Ms. Patricia Snodgrass seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for further proceedings because the administrative law judge had selectively reviewed the medical record and omitted any discussion of opinions by three examining doctors.[1]

I.   BACKGROUND

Ms. Snodgrass applied for insurance benefits and supplemental security income based on an alleged disability. Administrative Record at pp. 44-46 (certified Dec. 17, 2005) ("Rec.").[2] The SSA denied the applications initially and on reconsideration. *Id.* at pp. 22-23.

---

[1]   The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order Referring Matter to United States Magistrate Judge (Sept. 14, 2005).

[2]   The record does not include the request for supplemental security income, but the administrative law judge stated that his decision covered both claims. Rec. at p. 18.

A hearing took place,[3] and the administrative law judge found that the Plaintiff was not disabled in light of her ability to perform past relevant work or other work in the economy.[4] The Appeals Council declined jurisdiction,[5] and the present action followed. As alleged by Ms. Snodgrass, the administrative law judge erred in his evaluation of the evidence. *See* Plaintiff's Opening Brief at pp. 6-10 (Apr. 12, 2006) ("Plaintiff's Opening Brief"); Plaintiff's Reply Brief at pp. 2-10 (July 5, 2006) ("Plaintiff's Reply Brief").[6]

II.   STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

---

[3]   *See* Rec. at pp. 324-59.

[4]   Rec. at pp. 19-21.

[5]   Rec. at pp. 6-8.

[6]   Ms. Snodgrass also alleges error in the credibility findings and inadequate development of the record. Plaintiff's Opening Brief at pp. 10-12; Plaintiff's Reply Brief at pp. 10-12. But the suggested remand would require consideration of medical evidence, which affected the entire disability analysis. As a result, the Court need not address the issues involving credibility and development of the record. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

III.   SELECTIVE REVIEW OF THE MEDICAL EVIDENCE

Ms. Snodgrass claims a disability from:

- pain in her back, legs, shoulders, knees, and legs, and

- muscle spasms, degenerative joint disease, headaches, high blood pressure, and blurry vision.

Rec. at pp. 336, 345-46.  The administrative law judge discounted the severity of the pain and concluded that Ms. Snodgrass could return to her past relevant work or perform other work. *Id.* at pp. 19-20.  Ms. Snodgrass alleges that the administrative law judge had selectively relied on medical records, discounting or omitting those that tended to suggest a disability. Plaintiff's Opening Brief at pp. 6-10; Plaintiff's Reply Brief at pp. 2-10.  The undersigned agrees.

   A.   Dr. Yates' Records

In April 2002, following complaints of pain in her right leg, Dr. Gaylan Yates performed a lumbar discography and CT scan on Ms. Snodgrass' lower back.  *See* Rec. at pp. 199-206.  The administrative law judge acknowledged the discography and stated that it "revealed some disc desiccation at L4-L5 with a slight disc bulge [and] there were some mild degenerative changes at L5-S1."  *Id.* at p. 19.  According to Ms. Snodgrass, the administrative law judge ignored Dr. Yates' opinions that the tests showed a "posterior central annular tear" and that the "dissection of dye on the right annulus [did] fit with [the Plaintiff's] referred right leg pain."  Plaintiff's Opening Brief at p. 7.  Ms. Snodgrass is

correct, as the administrative law judge committed two errors in his review of Dr. Yates' opinions.

First, contrary to the judge's statements in the decision, Dr. Yates' tests did not reveal a disc dessication, slight bulge, or mild degenerative change. These findings had apparently followed an MRI of Ms. Snodgrass' lumbar spine and were only noted in Dr. Yates' summary of the Plaintiff's history. *See* Rec. at p. 199.

Second, Dr. Yates' tests did reveal a posterior central annular tear at L4-L5. According to the doctor, the tear was Ms. Snodgrass' "pain generator" and "fit with her referred right leg pain." *Id.* at pp. 199, 206. The administrative law judge omitted any mention of the actual test results and, instead, relied on Dr. Yates' summary of the Plaintiff's "history."

The judge's apparent disregard for Dr. Yates' actual test results contributed to a faulty credibility analysis. Relying on the history of slight dessication, bulging, and degeneration, the judge found that Ms. Snodgrass' pain complaints were incompatible with the objective medical evidence. *Id.* at p. 19. The analysis omitted any mention of the annular tear, which was believed by Dr. Yates to "fit" with Ms. Snodgrass' complaints of pain in her right leg. *See id.* at p. 206.

The court addressed a similar issue in *Southard v. Barnhart*, 72 Fed. Appx. 781 (10th Cir. July 28, 2003) (unpublished op.), and *Victory v. Barnhart*, 121 Fed. Appx. 819 (10th Cir. Feb. 4, 2005) (unpublished op.). In *Southard*, the administrative law judge discounted the

claimant's credibility in part because an MRI had reflected only mild degenerative disc disease. *See Southard v. Barnhart*, 72 Fed. Appx. at 783. But the MRI also reflected extrusion of the disc and the possibility of nerve root compression. *See id.* at 784. In *Victory*, the Tenth Circuit Court of Appeals again found reversible error when an administrative law judge inexplicably failed to discuss a diagnosis of significant degenerative disc disease. *Victory v. Barnhart*, 121 Fed. Appx. at 825.

The omission here constitutes reversible error under *Southard* and *Victory*. The administrative law judge discounted Ms. Snodgrass' complaints, mistaking her history for the results of Dr. Yates' testing. These tests reflected an annular tear, which Dr. Yates regarded as consistent with the complaints of leg pain. The administrative law judge's selective and erroneous reading of Dr. Yates' report tainted the credibility findings. *See Hardman v. Barnhart*, 362 F.3d 676 (10th Cir. 2004).[7]

B.   Dr. Remondino's Records

In May 2002, Dr. Robert Remondino opined that the Plaintiff had:

- cervical spondylosis with multiple level mild cervical disc degeneration, and
- a mild degenerative disc at L4-L5 with concordant pain on discography.

---

[7]   In *Hardman v. Barnhart*, the administrative law judge discounted the claimant's credibility in part based on a study that had not revealed findings of radiculopathy. *See Hardman v. Barnhart*, 362 F.3d at 678, 681. The Tenth Circuit Court of Appeals reversed, reasoning in part that the administrative law judge had selectively interpreted the medical record through inadequate discussion of the other evidence reflecting severe lumbar pain from degenerative disc disease. *Id.* at 681.

Rec. at p. 207. Dr. Remondino also stated that the Plaintiff would need permanent restrictions involving:

- a 10 to 15 pound weight limit,
- the ability to occasionally bend, lift, twist, turn, and perform overhead work, and
- a "rare" ability to lift 20 pounds and an ability to only lift 10 pounds overhead.

*Id.*

Dr. Remondino also stated that he did not believe Ms. Snodgrass would benefit from surgery. *Id.* However, the doctor qualified his prognosis, stating: "If this is more severely degenerative and desiccated disc with a disc protrusion, I would certainly be more aggressive." *Id.* As acknowledged by the Plaintiff, the administrative law judge discussed many of Dr. Remondino's opinions. Plaintiff's Opening Brief at p. 7; *see also* Rec. at p. 19. But according to Ms. Snodgrass, the administrative law judge erred through disregard of the doctor's opinion concerning the possibility of more aggressive treatment in the future. Plaintiff's Opening Brief at p. 7; Plaintiff's Reply Brief at p. 5. The Plaintiff is correct.

The administrative law judge discussed only what Dr. Remondino had found on May 6, 2002. Rec. at p. 19; *see id*. at pp. 207-208. But the administrative law judge evaluated the Plaintiff's medical condition from September 19, 2001, to August 27, 2004. *See id*. at pp. 18, 20-21. The reliance on the May 6, 2002, examination was misleading for two reasons.

First, the Plaintiff stated that her condition had worsened from 2001 to 2004. *Id.* at p. 281 ("I've gotten much worse since this MRI [reflecting an examination on November 26,

2001]."); *see also id.* at p. 285 (the Plaintiff's handwritten note that she has "gotten much worse" since an examination dated April 9, 2004).

Second, in 2002, when Dr. Remondino expressed his opinion, he specifically noted that he would treat the condition "more aggressive[ly]" if the pain was "more severely degenerative" and involved a "dessicated disc with a disc protrusion." *Id*. at p. 207. In April and May 2004, doctors conducted MRIs and found a "broad-based disc bulge" and right lateral annular tear. *Id*. at pp. 285-86, 288. In light of Dr. Remondino's earlier qualification, the administrative law judge erred by relying on the physician's conservative treatment without mention of the subsequent discovery of a disc protrusion and annular tear.[8]

The Defendant minimizes the omission, arguing that:

---

[8]  A similar issue arose in *Angel v. Barnhart*, 329 F.3d 1208 (10th Cir. 2003). There the plaintiff had complained of back pain which limited her ability to lift, stand, sit, and walk. *See Angel v. Barnhart*, 329 F.3d at 1213. At the hearing, the treating physician confirmed the plaintiff's allegations. *See id.* Citing a lack of objective evidence, the administrative law judge discounted the plaintiff's credibility and the treating physician's opinion. *See id.* On appeal, the Tenth Circuit Court of Appeals concluded that the administrative law judge's findings lacked substantial evidence because MRIs had documented degenerative disc disease, bulging discs, and scar tissue:

> The [administrative law judge] may be correct that the level of treatment [the plaintiff] has received for her back pain and problems is inconsistent with her and [the treating physician's] claims regarding the severity of her back impairment. But, in the absence of a more thorough analysis and more specific findings by the [administrative law judge], the [administrative law judge] cannot ignore the dispositive issue of whether [the plaintiff's] objectively documented back problems were capable of producing the pain and physical limitations that she and [the treating physician] were alleging as of the time of the hearing before the [administrative law judge].

*Id.*

- the Plaintiff "[did] not indicate how this evidence added to the already existing medical evidence, which also showed a disc protrusion" and

- the administrative law judge did discuss Dr. Remondino's report.[9]

The Defendant's argument is misguided. The additional evidence of a disc protrusion merely highlights the misleading nature of reliance on Dr. Remondino's conservative diagnosis and treatment in 2002. Notwithstanding the additional evidence of a disc protrusion, the administrative law judge failed to mention the condition.[10] Instead, the administrative law judge purported to rely on a 2002 diagnosis, reflecting "mild" impairments without mention of the doctor's qualification or the subsequent discovery of a broad-based disc bulge or annular tear.

C.     Dr. O'Connor's Records

During 2001 and 2002, Dr. Diana O'Connor treated Ms. Snodgrass for various ailments. *See* Rec. at pp. 216-28, 235-54. Diagnosing muscle spasms and chronic pain, Dr. O'Connor prescribed pain medication. *See id.* at pp. 219, 221-28, 236-46. But the administrative law judge did not mention Dr. O'Connor's treatment, her diagnoses of muscle spasms, or her prescriptions for pain relief. Instead, seemingly unaware of Dr. O'Connor's multiple references to muscle spasms, the administrative law judge found "no evidence of

---

[9]     Brief in Support of the Commissioner's Decision at p. 6 (May 19, 2006) ("Defendant's Brief"); *see* Rec. at pp. 19, 207.

[10]    Dr. Remondino's report and the MRI results reflect different findings. *Compare* Rec. at pp. 207-208, *with id.* at pp. 285-88. For example, Dr. Remondino reported only that the Plaintiff had cervical spondylosis and disc degeneration, and the MRI results indicated bulging discs, facet hypertrophic changes, foraminal stenosis, and an annular tear. *See id.* at pp. 207, 288.

. . . muscle spasm . . . ." *Id*. at p. 19.  In discounting Ms. Snodgrass' credibility, the judge relied on "the objective medical evidence of record," but chose to disregard Dr. O'Connor's references to muscle spasms and pain medication. *Id*. at p. 20.  The selective disregard of Dr. O'Connor's records constituted reversible error.  *See supra* pp. 4-5.[11]

　　　D.　　Physical Therapy

Ms. Snodgrass attended physical therapy from October 2001 to January 2002.  *See* Rec. at pp. 104-82. According to the Plaintiff, the administrative law judge erred through a failure to discuss findings by a physical therapist.  Plaintiff's Opening Brief at p. 8; Plaintiff's Reply Brief at p. 6.  The Plaintiff is correct.

In discounting the Plaintiff's credibility, the administrative law judge relied in part on the absence of any evidence involving "greatly reduced joint motion."  Rec. at p. 19.  But physical therapists supplied this evidence, and it is part of the record.  For example, on a subjective examination, physical therapists found that Ms. Snodgrass had a "[s]ignificant[] [l]imit[ation]" in the ability to bend forward at the waist.  *Id*. at p. 104.  And after administering various exercises, the physical therapist concluded that Ms. Snodgrass:

- ha[d] trouble with all ADLs and

- could not "TOI walk on treadmill with maintained upright position any greater than .20 of a mile."

*Id*. at p. 105.

---

[11]　　The Plaintiff also claims that the administrative law judge had failed to discuss Dr. O'Connor's opinion concerning "severe, recurrent headaches."  Plaintiff's Opening Brief at p. 8. This claim stretches the record, as Dr. O'Connor's records contained only a single reference to "pounding" of Ms. Snodgrass' head.  Rec. at p. 225.  The record does not reveal a diagnosis or treatment from Dr. O'Connor concerning headaches.  *See id.* at pp. 218-28, 235-53.

The administrative law judge may have had reasons to discount the assessment in physical therapy. But the judge apparently overlooked the evidence,[12] as he found categorically that there was "no evidence of . . . greatly reduced joint motion . . . ." *Id.* at p. 19; *see supra* p. 9. This reasoning was simply incorrect because such evidence did exist through the physical therapy records.[13]

---

[12] The Defendant argues that the therapist's report is consistent with the administrative law judge's conclusion that the pain was not disabling. Defendant's Brief at p. 7. This argument misses the point of the Plaintiff's argument. The administrative law judge discounted the Plaintiff's reports of pain in part because of the absence of evidence involving a significant reduction in joint motion. Rec. at p. 19. With this credibility assessment, the administrative law judge assessed Ms. Snodgrass' physical abilities without any reference to her susceptibility to pain. *See id.* at pp. 19-20. The Plaintiff did not argue that the administrative law judge should have accepted the physical therapist's physical assessment. Instead, the Plaintiff simply argued that the judge had overlooked the physical therapy records when he relied on the absence of any evidence involving a significant reduction in joint motion. Plaintiff's Opening Brief at p. 8. The judge apparently did overlook the evidence. If he had not done so, he may have attributed greater weight to the Plaintiff's reports of pain.

[13] Under the social security regulations, a physical therapist is not considered an "acceptable medical source[]." *See* 20 C.F.R. §§ 404.1513(a) & 416.913(a) (2004). But a physical therapist does qualify as an "other source" which the SSA may consider. *See* 20 C.F.R. §§ 404.1513(d) & 416.913(d) (2004) (identifying "therapists" as sources, other than acceptable medical sources, who may be consulted regarding the severity of impairments and the impact on an ability to work); *see also Komar v. Apfel*, 134 F.3d 382, 1998 WL 30267 (10th Cir. Jan. 9, 1998) (unpublished op.) (stating that under 20 C.F.R. §§ 404.1513(d) & 416.1513(d), physical therapists qualify as "other sources").

IV.     FAILURE TO DISCUSS RECORDS BY TWO EXAMINING PHYSICIANS

The administrative law judge also erred through a failure to discuss reports by two examining physicians: Dr. Melissa Smith-Horn and Dr. John Saidi.[14]

The SSA bears an obligation to evaluate every "medical opinion"[15] that it receives. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d) (2004) ("Regardless of its source, we will evaluate every medical opinion we receive."). Even when an examining doctor is not considered a "treating physician," the administrative law judge must "provide specific, legitimate reasons for rejecting" his opinion. *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (citation omitted). The administrative law judge violated this requirement by disregarding the reports of Doctors Smith-Horn and Saidi.

In June 2002, Dr. Smith-Horn examined the Plaintiff in connection with her worker's compensation claim. *See* Rec. at pp. 229-34. As alleged by the Plaintiff,[16] Dr. Smith-Horn concluded that the Plaintiff had suffered from:

- a loss of range of motion in her back,

- weakness and decreased sensation in her right leg, and

---

[14]     The Plaintiff also claims a failure to discuss opinions expressed by a third examining doctor, Dr. Wesley Pope. Plaintiff's Opening Brief at p. 9. The Court need not address this issue because of the need for reversal on other grounds. *See supra* note 6.

[15]     The term "medical opinion" involves "judgments about the nature and severity of [a claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (2004).

[16]     Plaintiff's Opening Brief at pp. 8-9.

- a "very guarded" gait.[17]

Dr. Smith-Horn also opined that Ms. Snodgrass was "permanently and totally economically disabled" from the performance of her past work. *Id.* at p. 233.

Following a consultative examination in January 2003, Dr. Saidi found that the Plaintiff suffered from:

- a torn disc in the lumbar spine,

- weak toe-heel walking,

- positive straight-leg testing on both sides,[18] and

- decreased rotation, pain, and stiffness in the lower spine.

*Id.* at pp. 264-67.

The administrative law judge failed to mention any of the opinions by Dr. Smith-Horn or Dr. Saidi, and the omissions require reversal and remand.

The Tenth Circuit Court of Appeals addressed a similar issue in *Victory v. Barnhart*, 121 Fed. Appx. 819 (10th Cir. Feb. 4, 2005) (unpublished op.). There the plaintiff was examined by two physicians, who diagnosed:

- significant degenerative disc disease, and

- limited mobility and chronic pain in her neck.

---

[17]   Rec. at pp. 230-31.

[18]   A positive straight leg test indicates pain in the back and posterior thigh. *See* http://www.sh.lsuhsc.edu/fammed/OutpatientManual/LowBackPain.htm.

*See Victory v. Barnhart*, 121 Fed. Appx. at 825. One physician also prescribed pain medication and the other opined that the claimant was "permanently and totally disabled." *Id.* The administrative law judge failed to mention the opinions, and the Tenth Circuit Court of Appeals concluded that the omission was erroneous:

> "[T]he opinion of an examining physician who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." Nevertheless, "[e]ven though [the examining physician] was not a treating physician, the [administrative law judge] was still required to consider his opinion, . . . and to provide specific, legitimate reasons for rejecting it." Again, the [administrative law judge's] failure to give any consideration to [the examining physician's] medical evidence, to evaluate his evidence by applying the relevant factors to be used in weighing a medical opinion, and to give any specific, legitimate reason for rejecting his opinion was contrary to the requirements of the governing regulations.

*Id.* (citations omitted).

*Victory v. Barnhart* is persuasive. *See* Tenth Cir. R. 36.3(b). Here too, the administrative law judge failed to give any weight to the opinions of the examining doctors. *See* Rec. at pp. 18-21. Under *Victory v. Barnhart*, the error was fatal. *See also Lackey v. Barnhart*, 127 Fed. Appx. 455, 457-58 (10th Cir. Apr. 5, 2005) (unpublished op.) (reversing because the administrative law judge had failed to properly evaluate an examining physician's opinion on an issue reserved to the Commissioner).

Ms. Barnhart defends the omissions with two arguments. Both are invalid.

First, the Defendant states that Dr. Smith-Horn had examined the Plaintiff in connection with her worker's compensation claim, and that agency employs a different standard than the SSA in determining disability. Defendant's Brief at pp. 7-8. According

to the Defendant, "[b]ecause, of these differing standards, a doctor's opinion concerning worker's compensation disability is of limited significance in an Agency determination concerning eligibility for social security benefits." *Id.* at p. 7. But the administrative law judge failed to give the opinion even limited significance. *See Coria v. Heckler*, 750 F.2d 245, 248 (3d Cir. 1984).[19]

Second, the Defendant argues that Dr. Saidi's opinions had reflected only the Plaintiff's subjective complaints. Defendant's Brief at p. 8. But the Defendant is mistaken, as Dr. Saidi had found weak toe and heel walking, decreased rotation, pain, and stiffness in the lower spine following an orthopedic examination. *See* Rec. at p. 266. The administrative law judge could not legitimately assume that Dr. Saidi had relied solely on Ms. Snodgrass' remarks. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that the administrative law judge had improperly rejected a medical opinion based on speculation that it had depended on the claimant's subjective complaints).

---

[19]   In *Coria v. Heckler*, the administrative law judge denied disability benefits, according "'little weight'" to the claimant's medical evidence on grounds that it had been gathered for a worker's compensation hearing. *See Coria v. Heckler*, 750 F.2d at 246. The district court granted summary judgment for the defendant, and the Third Circuit Court of Appeals ordered a remand. *See id.* at 245, 248. In doing so, the appeals court reasoned that "the [administrative law judge] should evaluate the objective medical findings set forth in the medical reports for submission with the worker's compensation claim by the same standards that s/he uses to evaluate medical findings in reports made in the first instance for the Social Security claim, unless there is some reasonable basis to believe a particular report or finding is not entitled to comparable weight." *Id.* at 248.

For both reasons, the Defendant's arguments are invalid and the administrative law judge committed reversible error in the failure to discuss the opinions by Doctors Smith-Horn and Saidi.

V.    SUMMARY

The administrative law judge erred in his consideration of the medical evidence. The judge selectively reviewed the medical record and failed to discuss opinions by two examining doctors. The errors require reversal and remand for proper consideration of the evidence.

VI.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is September 13, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VII.  STATUS OF THE REFERRAL

The referral is terminated.

Entered this 23rd day of August, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge